| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| AUDREY M. THIBODEAUX, LYETTE SHADE, ALLEYENNE HENDERSON,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>– against –<br><br>TRAVCO INSURANCE COMPANY a/k/a TRAVELER'S INSURANCE,<br><br>　　　　　　　　　　　Defendant. | **MEMORANDUM & ORDER**<br><br>13-CV-05599 (ERK) (VVP) |

KORMAN, J.:

On September 9, 2013, plaintiffs Audrey M. Thibodeaux ("Thibodeaux"), Lyette Shade ("Shade"), and Alleyene Henderson ("Henderson") commenced the instant action in the New York State Supreme Court, Queens County against TravCo Insurance Company[1] ("Travco") alleging four causes of action: (1) a declaratory judgment that plaintiffs are entitled to coverage under an insurance policy issued by Travco; (2) breach of contract; (3) breach of the duties of good faith and fair dealing; and (4) unjust enrichment. On October 9, 2013, Travco removed the case to the United States District Court for the Eastern District of New York. On October 10, 2013, Travco moved to dismiss the third and fourth causes of action. Plaintiffs filed an opposition to the motion to dismiss on November 6, 2013, and Travco filed a reply on November 13, 2013.

---

[1] Defendant complains that the case caption improperly provides that Travco is also known as "Traveler's Insurance." In its motion to dismiss, the defendant requests that the case caption "be changed to name only 'TravCo Insurance Company' as the proper defendant." Def.'s Mem. 5. In response, Plaintiffs insist that Travco is also known as "Traveler's Insurance Company." Pls.' Mem. 6-7. The parties' quibbling over this point is irrelevant. Both parties agree that plaintiffs have sued only Travco and no other defendant.

1

## FACTS

Defendant is incorporated under Connecticut law, and has its principal place of business in Connecticut. Notice of Removal ¶ 5. Plaintiffs Thibodeaux and Henderson are residents of Texas, and plaintiff Shade is a resident of Queens, New York. Compl. ¶¶ 1-3. In 2006, Travco issued a homeowner's insurance policy, number OCT908-979919062-633-1, to Thibodeaux, for her property located at 9528 Brisbin Street, Jamaica, New York. Compl. ¶ 6. On April 9, 2010, Thibodeaux deeded that property to her daughters, Shade and Henderson. Compl. ¶ 8. Plaintiffs allege that for over three years after Shade became the owner of the property, "[Travco] continued to bill . . . [Thibodeaux] for premiums for the Policy; and [Travco] continued to accept payments from . . . [Shade] to keep the Policy for the Premises in full force and effect." Compl. ¶ 11; Pls.' Mem. 2.

On or about September 11, 2012, an accidentally caused fire caused the total loss of the property, rendering it uninhabitable. Compl. ¶¶ 16-17. In a letter dated December 18, 2012 and addressed to Shade, Travco denied coverage because Thibodeaux no longer owned or resided at the property. Compl. ¶¶ 18-19; Declination Letter, ECF No. 6-4. The letter explained that investigation of the claim revealed that Thibodeaux had moved to Texas approximately ten years earlier, that the dwelling had been deeded to Shade and Henderson in 2010, and that at the time of the fire, Shade and her husband were residing in the insured dwelling. Declination Letter. "In view of the fact that . . . Thibod[e]a[u]x did not own or reside at the dwelling that was damaged by the fire," Travco wrote that there was "no coverage for that dwelling because it [did] not meet the policy definition [of] residence premises." Declination Letter.

## STANDARD OF REVIEW

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the

plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). To survive a motion to dismiss, plaintiffs' complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court may consider documents outside the complaint where the plaintiff relies "on the terms and effect of a document in drafting the complaint," so that the document is "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also New Image Roller Dome, Inc. v. Travelers Indem. Co.*, 310 F. App'x 431, 432 (2d Cir. 2009) ("When deciding a motion to dismiss, a district court may consider documents attached to the complaint or incorporated by reference into the complaint.").

## DISCUSSION

Defendant asserts that it is "prepared to fully litigate" plaintiffs' claims seeking a declaratory judgment and for breach of contract. Def.'s Reply Mem. 2. Nevertheless, defendant moves to dismiss plaintiffs' third cause of action for breach of the covenant of good faith and fair dealing and fourth cause of action for unjust enrichment. Because those claims arise from the same factual predicates as plaintiffs' declaratory judgment and breach of contract actions, it is unnecessary at this time to explore them at length. If one of a number of integrally related causes of action have to be tried, it makes little sense to grant a motion to dismiss as to one or more of them, as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted. As observed by Judge Clark in an analogous context: "[T]here seems no question that in the long run fragmentary disposal of what

is essentially one matter is unfortunate not merely for the waste of time and expense caused the parties and the courts, but because of the mischance of differing dispositions of what is essentially a single controlling issue. *Audi Vision Inc. v. RCA Mfg. Co.,* 136 F.2d 621, 625 (2d Cir. 1943).

## CONCLUSION

Defendant's motion to dismiss plaintiffs' third and fourth causes of action is DENIED.

**SO ORDERED.**

Brooklyn, New York
January 31, 2014

/s/
Edward R. Korman
Senior United States District Judge